UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BLAKE HYDE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:23-cv-01633-L-BN** |
| | § | |
| **KIRKENDALL DWYER, LLP; and** | § | |
| **DIGITAL MEDIA SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## FIRST AMENDED COMPLAINT

### I.    PARTIES

1.  Blake Hyde ("Plaintiff") is a natural person and resident of El Paso, Texas.

2.  Kirkendall Dwyer, LLP ("Defendant KD") is a law firm and limited liability partnership headquartered in Dallas, Texas.

3.  Digital Media Solutions, LLC ("Defendant DMS") is a marketing agency headquartered in Clearwater, Florida.

### II.    JURISDICTION AND VENUE

4.  The Court has federal-question subject matter jurisdiction over Plaintiff's Telephone Consumer Protection Act ("TCPA") claim. *See* 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction over Plaintiff's Texas law claims as they are predicated upon the same operative facts. *See id*. § 1367(a).

5.  The Court has general personal jurisdiction over Defendant KD because it is headquartered in Texas and organized under the laws of Texas. The Court also has specific personal jurisdiction

1

over Defendants KD and DMS because Plaintiff's claims arise out of their contacts with Texas, namely, telemarketing Plaintiff while Plaintiff lived in Texas.

6.  Venue is proper as Defendant KD resides in the Northern District of Texas. *See* 28 U.S.C. § 1391.

## III.   FACTS

7.  Defendant KD is a large law firm specializing in personal injury and social security disability claims. Defendant DMS generates client leads on its behalf.

8.  Plaintiff's cell phone number has continuously been on the National Do Not Call Registry ("DNCR") since at least 2015. Plaintiff's cell phone is his primary, personal phone.

9.  Neither Defendant maintains written procedures to comply with the DNCR. Neither trains its employees, agents, or personnel on DNCR procedures. Neither maintains a recorded list of telephone numbers that may not be contacted. Neither Defendant utilizes a process to prevent telephone solicitations to telephone numbers on the DNCR. Neither Defendant obtained or maintained a version of the DNCR from the DNCR's administrator within thirty-one days of the calls at issue here.

10. Neither Defendant has a registration certificate allowing it to conduct telephone solicitations in Texas. *See* TEX. BUS. & COM. CODE § 302.101.

11. On May 31, 2023, Plaintiff received a call on his cell phone from (213) 672-1149, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Upon answering, there was a long pause followed by a click, indicating use of an automatic telephone dialing system ("ATDS"). A prerecorded voice said "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list. How are you doing today?" Plaintiff pressed 1 and the call was automatically disconnected.

12. On May 31, 2023, Plaintiff received another call from (213) 672-1149, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Another long pause and click. A prerecorded voice: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list. How are you doing today?" Plaintiff pressed 1 and the call was automatically disconnected.

13. On June 2, 2023, Plaintiff received a call from (530) 405-1140, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Long pause. Click. A prerecorded voice: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list. How are you doing today?" Plaintiff pressed 1 and the call was automatically disconnected.

14. On June 5, 2023, Plaintiff received a call from (810) 788-8868, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Long pause. Click. A prerecorded voice: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list." Plaintiff pressed 1 and the call was automatically disconnected.

15. On June 6, 2023, Plaintiff received a call from (615) 288-6492, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Long pause. Click. A prerecorded voice: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list." Plaintiff pressed 1 and the call was automatically disconnected.

16. On June 8, 2023, Plaintiff received a call from (530) 291-4677, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Long pause and click. A prerecorded voice: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list." Plaintiff pressed 1 and the call was automatically disconnected.

17. On June 14, 2023, Plaintiff received a call from (725) 255-4784, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. Yet again: "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list. How are you doing today?" Plaintiff, exasperated by Defendant's incessant harassment, without ratifying the telemarketing violations, and with the sole intention of determining who was behind the calls, attempted to answer the prerecorded voice and get through to a live agent. After Plaintiff answered the first question ("How are you doing today?"), the prerecorded voice asked him several screening questions, such as his age, employment status, and whether he was disabled. Apparently, one of Plaintiff's answers disqualified him for Defendant's services and the call was automatically disconnected.

18. On June 14, 2023, Plaintiff received a call from (785) 264-8154, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried a different combination of answers. Again, he was disqualified and the call disconnected automatically.

19. On June 14, 2023, Plaintiff received a call from (530) 240-2880, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried a new combination of answers. Same result.

20. On June 14, 2023, Plaintiff received a call from (801) 701-7645, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried another combination of answers. Call disconnected.

21. On June 14, 2023, Plaintiff received a call from (540) 203-2804, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried a new combination of answers. Same result.

22. On June 16, 2023, Plaintiff received a call from (530) 287-9077, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried another combination. Again disqualified.

23. On June 16, 2023, Plaintiff received a call from (530) 287-0918, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried a new combination. Same result.

24. On June 17, 2023, Plaintiff received a call from (551) 213-9572, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried another combination. Call disconnected.

25. On June 18, 2023, Plaintiff received a call from (574) 739-9729, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Plaintiff tried again to get through to someone, answered incorrectly, and was disconnected.

26. On June 18, 2023, Plaintiff received a call from (530) 287-9053, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Another combination. Another disqualification. Another disconnection.

27. On June 19, 2023, Plaintiff received a call from (308) 223-4938, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Another combination. Another disqualification. Another disconnection.

28. On June 26, 2023, Plaintiff received a call from (346) 501-2357, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Another combination, disqualification, and disconnection.

29. On July 1, 2023, Plaintiff received a call from (701) 414-6056, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hi! I'm Elizabeth from Senior Aid Benefits . . ." Another combination, disqualification, and disconnection.

30. On July 1, 2023, Plaintiff received a call from (715) 248-5120 at 9:46 a.m, which came from Defendant KD or Defendant DMS calling on Defendant KD's behalf. "Hello?" Silence. Click. "Hi! I'm Elizabeth from Senior Aid Benefits and you can press 1 to be added to the do not call list. How are you doing today?" Plaintiff answered the same series of questions, again trying different answers to avoid being disconnected. Plaintiff answered all questions correctly, at the conclusion of which the recorded voice said "Great! You qualify for social security disability benefits. Let me transfer you to someone who can help you complete your application." Plaintiff had not asked to apply for social security disability benefits.

31. After a long pause, a live representative came on the line. He told Plaintiff his name was Brad. Brad asked Plaintiff all the same questions again. After Plaintiff answered all the questions satisfactorily, Brad told Plaintiff he qualified for social security disability payments. Then: "what we do here at Kirkendall Dwyer is help people file social security disability claims." He told Plaintiff he would then be sending a text message with a link to a contract offer for Plaintiff's consideration.

32. A moment later, at 10:05 a.m., while still on the phone with Brad, Plaintiff received a text message from arodriguez@kirkendalldwyer.com, which included a website link to view and sign a boilerplate contract for legal services. That contract is attached below. *See* Exhibit 1.

33. At the time, Brad was an employee of Defendant DMS or Defendant KD. Even if the former, Brad's ability to instantaneously pass along a contract offer from Defendant KD shows that Defendant KD approved of Defendant DMS telemarketing on its behalf.

34. Brad then gave Plaintiff the number for the organization he represented: (877) 214-4407. That number belongs to Defendant KD and is the "Client Specialist" number listed on the boilerplate contract. As soon as Plaintiff obtained the caller's name, number, and organization and documentary evidence confirming the entity behind the calls, he hung up.

35. Minutes later, Plaintiff received another text message from arodriguez@kirkendalldwyer.com with another link to a contract for legal services.

36. The next day—Sunday, July 2, 2023, a holiday weekend—Plaintiff received a call from (214) 271-4027. A woman told him she was calling from Kirkendall Dwyer LLP, following up about services for social security disability claims. Plaintiff told her he was uninterested.

37. The same day, Plaintiff received a call from (469) 784-9983. Another woman again said she was following up from Kirkendall Dwyer LLP. Plaintiff again told her he was uninterested.

38. On July 4, 2023, Plaintiff received yet another text message from arodriguez@kirkendalldwyer.com with a link to the same contract for legal services.

39. On July 13, 2023, Plaintiff twice received text messages from arodriguez@kirkendalldwyer.com with links to the same contract for legal services.

40. On July 14, 2023, Plaintiff received another text message from arodriguez@kirkendalldwyer.com with a link to a contract for legal services.

41. On July 15, 2023, Plaintiff received another text message from arodriguez@kirkendalldwyer.com with a link to a contract for legal services.

42. Plaintiff does not have a business relationship with either Defendant.

43. Plaintiff has never provided either Defendant with consent or written invitation to contact him on his cell phone via text message or phone call.

44. Plaintiff told the calling entity multiple times to remove him from any internal call lists and to stop calling him.

45. Nonetheless, Defendant KD or Defendant DMS, on Defendant KD's behalf, called Plaintiff at least twenty times in a five-week period.

46. Defendant KD's incessant follow up calls and repeated solicitous text messages, many of which occurred during a holiday weekend, show Defendant KD is practiced and comfortable with aggressively telemarketing its services, even if it means harassing those it calls.

47. The initial caller used the misnomer "Senior Aid Benefits" as well as numerous prerecorded qualifying questions to skirt liability under the TCPA by obscuring its identity from everyone to whom it solicits services except only those who qualify. Therefore, as Defendant KD or Defendant DMS sees it, only elderly, disabled people will ever determine who was behind such telemarking calls. These Defendants calculate that, as a class, such individuals are highly unlikely to hold it accountable under a modern, little-known statute.

48. Whenever in this complaint it is alleged that either Defendant KD or Defendant DMS committed any act or omission, it is meant that that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with that Defendant's full authorization, ratification, or approval, or was done in the routine normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, or employees.

49. If Defendant DMS—as opposed to Defendant KD—placed the telemarketing calls at issue here, then Defendant KD was nevertheless closely involved in Defendant DMS's underlying telemarketing campaign. Defendant KD provided Defendant DMS with qualification standards for prospective client. It provided or approved the scripts Defendant DMS used during the

telemarketing campaign. It informed Defendant DMS of target volumes for client intakes. And it authorized Defendant DMS to pass along boilerplate contracts to prospective clients during telemarketing calls.

50. Plaintiff, a busy professional, was angered, frustrated, and harassed by the incessant underlying telemarketing. Defendants' actions alleged herein consumed a great deal of Plaintiff's time, attention, and resources, measured both in time wasted on the phone with the prerecorded and live telemarketers as well as efforts spent attempting to vindicate his rights through the instant action.

## IV.  FIRST CAUSE OF ACTION: TCPA

51. All preceding factual allegations are incorporated herein.

52. The TCPA provides a private right of action for any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" promulgated under the statute. 47 U.S.C. § 227(c)(5). *See* 47 C.F.R. § 64.1200.

53. Regulations promulgated under the TCPA prohibit any person or entity from initiating "any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). A cell phone, if used primarily for personal matters, is a residential telephone line. *See Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022).

54. TCPA regulations prohibit a person from initiating or causing to be initiated any telemarketing calls "using an automatic telephone dialing system or an artificial or prerecorded voice" to any

cellular telephone number without "the prior express written consent of the called party." 47 C.F.R. § 64.1200(a)(2).

55. Additionally, they prohibit initiating any telephone call, telemarketing or otherwise, "to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party," unless for specific exceptions not at issue here. *See* 47 C.F.R. § 64.1200(a)(3).

56. Finally, TCPA regulations prohibit an entity from initiating telemarketing calls without previously "institut[ing] procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity," which include: a written policy for maintaining a do-not-call list; do-not-call list training for personnel engaged in telemarketing; and a recording of requests to be placed on the entity's do-not-call list. 47 C.F.R. § 64.1200(d).

## V.     SECOND CAUSE OF ACTION:
## TEXAS BUSINESS AND COMMERCE CODE § 305.053

57. All preceding factual allegations are incorporated herein.

58. Under Texas Business and Commerce Code, section 305.053, "[a] person who received a communication that violates 47 U.S.C. Section 227 [or] a regulation adopted under that provision . . . may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section." TEX. BUS. & COM. CODE § 305.053.

59. Because Defendants violated the TCPA and its regulations, they likewise violated Texas Business and Commerce Code, section 305.053.

## VI.     THIRD CAUSE OF ACTION:
## TEXAS BUSINESS AND COMMERCE CODE § 302.101

60. All preceding factual allegations are incorporated herein.

61. Under Texas Business and Commerce Code, section 302.101, "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101.

62. Chapter 302 authorizes a private right of action. TEX. BUS. & COM. CODE § 302.303.

## VII.   RELIEF

Plaintiff seeks the following relief:

63. An award of $1,500 in statutory damages for each willful and knowing TCPA violation alleged herein, or an award of $500 in statutory damages for each TCPA violation, pursuant to 47 U.S.C. § 227(b)(3);

64. An award of $1,500 in statutory damages for each willful and knowing TCPA violation alleged herein, or an award of $500 in statutory damages for each TCPA violation, pursuant to TEX. BUS. & COM. CODE § 305.053(c);

65. An award of $5,000 for each violation of section 302.101 of the Texas Business and Commerce Code alleged herein pursuant to TEX. BUS. & COM. CODE § 302.302(a);

66. Pre-judgment and post-judgment interest;

67. An award of court costs; and

68. All other relief that the Court deems necessary, just, and proper.

**11/15/23**

Blake Hyde
Plaintiff, *pro se*
blake.campbell.hyde@gmail.com
(530) 383-6810
1415 N. 23rd St.
Richmond, VA 23223

# EXHIBIT 1

# KIRKENDALL DWYER LLP

4343 Sigma RD, STE 200
Dallas, TX 75244
Phone: 877-214-4407 Fax: 214-253-0629
E-Mail: SSDintake@kirkendalldwyer.com
Web: www.kirkendalldwyer.com

RE: Social Security Disability Claim

Dear Client:

Thank you for selecting the Law Offices of Kirkendall Dwyer LLP as your Social Security Disability Attorney. As you already know - **WE ONLY GET PAID IF WE WIN!**

At Kirkendall Dwyer LLP, it is our core legal practice to represent disabled people. It is our mission to guide you through the Social Security Disability process, while providing you with the expertise and compassion you deserve. We have local attorneys throughout the country that work on your claim.

In addition, we understand how important it is for you to receive your disability benefits as quickly as possible. Let our trained staff start working on your disability claim immediately; all we need is for you to provide us with the authorization to start representing you on your disability claim.

If you have any questions about the documents, please contact a Client Specialist at **1-877-214-4407.**

If you do not have any questions, please:
- **SIGN in the HIGHLIGHTED AREAS (use blue ink);**
- **DO NOT date any of the documents; and**
- **RETURN DOCUMENTS in the ENCLOSED ENVELOPE (It is FREE to return the documents)**

Thank you for letting us help you with your Social Security Disability claim.

Sincerely,

Andrew Kirkendall
Kirkendall Dwyer LLP

Form SSA-1696 (03-2020) UF
Discontinue Prior Editions
Social Security Administration

Case 3-23-cv-01633-L-BN    Document 24    Filed 11/28/23    Page 14 of 24    PageID 213

Page 3 of 6
OMB No. 0960-0527

| Claimant's Social Security Number | Appointed Representative's Rep ID |
|---|---|
|  - - | 8   Y   J   D   K   7   Q   R   4   G |

# Claimant's Appointment of a Representative

## Section 1 - Claimant's Information

**Social Security Number**

 - -

**First Name** | **Initial** | **Last Name**

**Mailing Address**

| City | State | ZIP/Postal Code | Country - if outside the U.S. |
|---|---|---|---|
| | | | |

**Phone Number** | **Alternate Phone Number (Optional)**

Country/Area Code | Phone Number | Country/Area Code | Phone Number

## Number Holder's Information *(Complete when applicable)*

My claim is based on another person's work or earnings (e.g., spouse or parent). This person's information is different from mine.

**Number Holder's Social Security Number**

 - -

**First Name** | **Initial** | **Last Name**

## Section 2 - Disclosure *(Claimant Only)*

X   By selecting this box, I, the claimant listed in Section 1, whose signature appears in Section 8, authorize SSA to release information in relation to my pending claim(s) or asserted right(s) to designated associates who perform administrative duties (e.g., clerks, assistants), partners, or parties under contractual arrangements for or with my representative. *(The appointed representative's partners, associates, delegates and designees must be prepared to provide information in order to be authenticated.)*

## Section 3 - Principal Representative *(Claimant only – Complete when applicable)*

I have appointed before, or appoint now, more than one representative. I ask SSA to make contacts or send notices to this individual. My principal representative is:

**Name**   Andrew Kirkendall

Claimant's Social Security Number

| | | | - | | - | | | | |
|---|---|---|---|---|---|---|---|---|---|

Appointed Representative's Rep ID

| 8 | Y | J | D | K | 7 | Q | R | 4 | G |
|---|---|---|---|---|---|---|---|---|---|

## Section 4 - Representative's Information *(Claimant and Representative)*

Representatives who are eligible and seek direct payment of their fee must register and receive a Rep ID before the appointment. For more information about registration visit us on-line at www.socialsecurity.gov/ar, contact us at 1-800-772-1213 (TTY 1-800-325-0778), or visit your local Social Security office.

**Representative's Rep ID**

| 8 | Y | J | D | K | 7 | Q | R | 4 | G |
|---|---|---|---|---|---|---|---|---|---|

| First Name | Initial | Last Name |
|---|---|---|
| Andrew | F | Kirkendall |

**Mailing Address**

4343 Sigma Rd. Suite 200

| City | State | ZIP/Postal Code | Country - if outside the U.S. |
|---|---|---|---|
| Dallas | Texas | 75244 | |

| Phone Number | | Alternate Phone Number (Optional) | |
|---|---|---|---|
| 877 | 214-4407 | | |
| Country/Area Code | Phone Number | Country/Area Code | Phone Number |

## Section 5 - Representative's Status, Affiliations, and Certifications *(Representative Only)*

**Representative's Status Part A - Type of Representative** (Representatives have a duty to keep their information current)

[X] I am an attorney *(SSA regulation states that an attorney is someone in good standing who has the right to practice law before a court of a State, Territory, District, or island possession of the United States, or before the Supreme Court or a lower Federal court of the United States.)*

[ ] I am a non-attorney eligible for direct payment *(SSA law requires that non-attorneys meet certain criteria to qualify for direct payment. Refer to our website at www.ssa.gov/representation for criteria).*

[ ] I am a non-attorney not eligible for direct payment.

**Representative's Status Part B - Disqualification**

I am now or have previously been disbarred or suspended from a court or bar to which I was previously admitted to practice law.

[ ] Yes [X] No

I am now or have previously been disqualified from participating in or appearing before a Federal program or agency.

[ ] Yes [X] No

| Claimant's Social Security Number | Appointed Representative's Rep ID |
|---|---|

| | | | – | | – | | | | |
|---|---|---|---|---|---|---|---|---|---|

| 8 | Y | J | D | K | 7 | Q | R | 4 | G |
|---|---|---|---|---|---|---|---|---|---|

## Section 5 - Continued *(Representative Only)*

## Affiliation Information

If you are representing the claimant(s) as a partner or employee of a business entity, firm or other organization you may provide your Employer Identification Number (EIN) here, if one exists for tax purposes. This number is not your Social Security Number (SSN). This is your employer's tax identification number. *(Do not complete this section if you do not qualify for direct payment.)*

**EIN**  | 3 | 6 | – | 4 | 7 | 3 | 6 | 1 | 3 | 3 |

**Organization's Name** (Enter the full name of the business, entity, firm or organization with which you want to be affiliated while representing this claim)

Kirkendall    Dwyer    LLP

**Representative's Business Address** (if different than mailing address)

| City | State | ZIP/Postal Code |
|---|---|---|
| | | |

**Country - if outside the U.S.**

## Representative's Certification

I accept this appointment and certify the following:

• I understand and agree that I will comply with SSA's laws and rules on the representation of parties, including the Rules of Conduct and Standards of Responsibility for Representatives; I will not charge, collect, or retain a fee for representational services that SSA has not approved or that is more than SSA approved unless a regulatory exclusion applies.

• I understand that if I fail to comply with any of SSA's laws and rules I may be suspended or disqualified as a representative before SSA.

• I will not disclose any information to any unauthorized party without the claimant's specific written consent.

• I am not currently suspended or prohibited, for any reason, from practicing before the Social Security Administration.

• I am not disqualified from representing the claimant as a current or former officer or employee of the United States.

• I accept appointment as the representative for the claimant named in Section 2 of this form in connection with the claims and asserted rights described in Section 6 of this form.

• I agree that a copy of this signed form SSA-1696 will have the same force and effect as the original.

• I declare under penalty of perjury that I have examined all of the information on this form and on all accompanying statements or forms, including any information, attestations and certifications provided to SSA in registration, and that they are all currently true and correct to the best of my knowledge.

*If I intend to seek direct payment of the authorized fee on this claim -*
• I have registered for and obtained a Rep ID, and my registration information is up-to-date.
• I have provided up-to-date information on my registration concerning whether I have been suspended or prohibited from practice before SSA or any other Federal program or agency, disbarred or suspended by a court or bar, and convicted of a violation under Section 206 or 1631(d) of the Social Security Act.

**I CERTIFY TO ALL OF THE ABOVE** *(Representative's Initials)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

**Claimant's Social Security Number**

**Appointed Representative's Rep ID**

8  Y  J  D  K  7  Q  R  4  G

## Section 6 - Claim Type *(Claimant or Representative)*

I appoint the individual named in Section 4 to act as my representative in connection with my claim(s) or asserted right(s) under Title II (RSDI), Title XVI (SSI), Title XVIII (Medicare Coverage), and Title VIII (SVB) of the Social Security Act, as presently amended, specifically for the issues identified below: (*Check all that apply*)

X Claim/Appeal for Title II Disability Benefits

☐ X Claim/Appeal for Title XVI Disability Benefits

☐ X Concurrent Title II and Title XVI Disability Benefits

☐ Claim/Appeal for Retirement Benefits

☐ Claim/Appeal for Title XVIII (Medicare), VIII (Special Veteran's Benefits)

☐ Continuing Disability Review (CDR)

☐ Post-Entitlement Issue (a new issue you raise after eligibility for other benefits)

_____
(E.g., benefit amount, month of entitlement, representative payee, suspension, termination, overpayment)

## Section 7 - Fee Arrangement *(Representative Only)*

Check one box below:

☒ **I will request a fee and direct payment of this fee**. Select this box if you are eligible for direct payment and want us to withhold a portion of the past-due benefits to pay you the fee we may authorize. *(We must authorize the fee.)*

☐ **I will request a fee but not direct payment.** Select this box if you are not eligible for direct payment from the past-due benefits, or if you do not want direct payment. You must collect any fee we may authorize on your own. *(We must authorize the fee.)*

☐ **I waive the right to receive a fee from the claimant, any auxiliary beneficiaries or any other individual.** Select this box if you certify that an entity, or a Federal, state, county, or city government agency will pay the fee and any expenses from its funds. The claimant, auxiliary beneficiaries, or other individuals must not be liable for the fee, directly or indirectly, in whole or in part, or any expenses. *(We do not need to authorize the fee if all regulatory conditions apply.)*

☐ **I waive the right to a fee.**

## Section 8 - Signatures *(Claimant and Representative)*

| Representative's Signature | Date |
|---|---|
| | |
| **Claimant's Signature** | Date |
| | |

# KIRKENDALL DWYER LLP

Dallas, TX 75244
Phone: 877-214-4407 Fax: 214-253-0629
E-Mail: SSDintake@kirkendalldwyer.com
Web: www.kirkendalldwyer.com

## SOCIAL SECURITY FEE AGREEMENT

**FN: 21-355156**

I,_____, SSN:_____ , hereby hire Kirkendall Dwyer LLP, to represent me in my claim(s) for Social Security Disability and/or Supplemental Security Income (SSI) benefits. This agreement shall apply to all stages of the application and appeals process with the Social Security Administration.

**There is no fee unless I receive a favorable or partially favorable decision for my claim.** The firm has not promised that my case will result in a favorable decision. If I do not win any benefits, the Firm will not receive any fees. In consideration of the representation, I agree to have SSA pay the Firm the lesser **of (a) 25% of any past due benefits awarded to me and my family or (b) $7,200 (or such higher limit set by the Commissioner of the SSA pursuant to 206 (a)(2)(A).** I understand that SSA must approve any fee charged by my attorney for services provided in proceedings before the SSA. Claimant also understands and agrees that SSA will withhold the attorney fees from the payment of past due benefits, and SSA will pay such fees directly to the attorney. Under the Social Security Regulations, "past due benefits" include all benefits payable to claimants and/or their families/dependents.

The maximum fee specified in the above paragraph applies if an approval or favorable decision is obtained up to and including the Appeals Council level, however, if a favorable decision is obtained at the Federal level, the Attorney will file a fee petition with SSA, requesting Attorney's fees be approved. If SSA does not approve this fee agreement, Attorney will submit a Fee Petition to the Social Security Administration for approval of a reasonable fee in accordance with the applicable regulations.

I agree to pay all expenses in connection with my case or pay the attorney's law firm back for any such expenses they pay. These expenses include but may not be limited to expenses charged by others, such as for medical reports or special medical/vocational examinations. I hereby give my "power of attorney" to Kirkendall Dwyer LLP and authorize them to request all medical records and sign all appeal documents on my behalf.

I understand that SSA must approve any fee charged by Attorney for services provided in proceedings before the SSA. Claimant also understands and agrees that SSA will withhold the attorney fees from the payment of past due benefits, and SSA will pay such fees directly to the attorney.

I understand that the attorney reserves the right to withdraw from my case or that I may decide I no longer want the attorney to represent me. In either case, I understand the attorney may nevertheless ask the agency to approve a fee for the attorney's time and for any expenses incurred. I understand that by hiring this law firm I am not guaranteed to win my case.

The law firm has given me a copy of this agreement.

**SIGNED AND DATED on** _____

**ACCEPTED AND AGREED TO ON EBHALF OF:**

_____          _____
**, Claimant**                                               Andrew Kirkendall, Esq.

_____
**Co-Representative**

Form **SSA-827** (03-2020)
Discontinue Prior Editions

OMB No. 0960-0623

| | **Whose Records to be Disclosed** | |
|---|---|---|
| | NAME *(First, Middle, Last, Suffix)* | |
| | SSN | Birthday *(MM/DD/YYYY)* |

# AUTHORIZATION TO DISCLOSE INFORMATION TO
# THE SOCIAL SECURITY ADMINISTRATION (SSA)

## ** PLEASE READ THE ENTIRE FORM, BOTH PAGES, BEFORE SIGNING BELOW **

**I voluntarily authorize and request disclosure** (including paper, oral, and electronic interchange):
**OF WHAT**   *All my medical records; also education records and other information related to my ability to perform tasks. This includes Specific permission to release:*

1. **All records and other information regarding my treatment, hospitalization, and outpatient care for my impairment(s) including, and not limited to:**
   - Psychological, psychiatric or other mental impairment(s) (excludes "psychotherapy notes" as defined in 45 CFR 164.501)
   - Drug abuse, alcoholism, or other substance abuse
   - Sickle cell anemia
   - Records which may indicate the presence of a communicable or noncommunicable disease; and tests for or records of HIV/AIDS
   - Gene-related impairments (including genetic test results)
2. **Information about how my impairment(s) affects my ability to complete tasks and activities of daily living, and affects my ability to work.**
3. **Copies of educational tests or evaluations, including Individualized Educational Programs, triennial assessments, psychological and speech evaluations, and any other records that can help evaluate function; also teachers' observations and evaluations.**
4. **Information created within 12 months after the date this authorization is signed, as well as past information.**

**FROM WHOM**

| • **All medical sources** (hospitals, clinics, labs, physicians, psychologists, etc.) including mental health, correctional, addiction treatment, and VA health care facilities<br>• All educational sources (schools, teachers, records administrators, counselors, etc.)<br>• Social workers/rehabilitation counselors<br>• Consulting examiners used by SSA<br>• Employers, insurance companies, workers' compensation programs<br>• Others who may know about my condition (family, neighbors, friends, public officials) | **THIS BOX TO BE COMPLETED BY SSA/DDS (as needed).** Additional information to identify the subject (e.g., other names used), the specific source, or the material to be disclosed: |
|---|---|

**TO WHOM**   **The Social Security Administration and to the State agency authorized to process my case** (usually called "disability determination services"), **including contract copy services, and doctors or other professionals consulted during the process.** [Also, for international claims, to the U.S. Department of State Foreign Service Post.]

**PURPOSE**   Determining my **eligibility for benefits**, including looking at the combined effect of any impairments that by themselves would not meet SSA's definition of disability; and whether I can manage such benefits.
☐ Determining whether I am **capable of managing benefits ONLY** (check only if this applies)

**EXPIRES WHEN**   This authorization is good for 12 months from the date signed (below my signature).

- I authorize the use of a copy (including electronic copy) of this form for the disclosure of the information described above.
- I understand that there are some circumstances in which this information may be redisclosed to other parties (see page 2 for details).
- I may write to SSA and my sources to revoke this authorization at any time (see page 2 for details).
- SSA will give me a copy of this form if I ask; I may ask the source to allow me to inspect or get a copy of material to be disclosed.
- **I have read both pages of this form and agree to the disclosures above from the types of sources listed.**

| ==PLEASE SIGN USING BLUE OR BLACK INK ONLY==<br>==INDIVIDUAL== authorizing disclosure Signature | **IF not signed by subject of disclosure, specify basis for authority to sign**<br>☐ Parent of minor   ☐ Guardian   ☐ Other personal representative (explain) |
|---|---|
| | (Parent/guardian/personal representative sign here if two signatures required by State law) |

| Date Signed | Street Address | | |
|---|---|---|---|
| Phone Number (with area code) | City | State | ZIP |

**WITNESS**   *I know the person signing this form or am satisfied of this person's identity:*

| Signature | **IF** needed, second witness sign here (e.g., if signed with "X" above) |
|---|---|
| Phone Number (or Address) | Phone Number (or Address) |

This general and special authorization to disclose was developed to comply with the provisions regarding disclosure of medical, educational, and other information under P.L. 104-191 ("HIPAA"); 45 CFR parts 160 and 164; 42 U.S. Code section 290dd-2; 42 CFR part 2; 38 U.S. Code section 7332; 38 CFR 1.475; 20 U.S. Code section 1232g ("FERPA"); 34 CFR parts 99 and 300; and State law.



**HIPAA COMPLIANT AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS**

I authorize _____ to disclose the following
information from the health record of:

| | |
|---|---|
| Patient Name _____ | DOB _____ |
| Address _____ | DOD _____ |
| City State Zip _____ | SSN # (last 4 digits) _____ |

I authorize the individual or organization listed above to disclose the above-named patient's health
information to:          Kirkendall Dwyer LLP
                                     4343 Sigma Rd., Ste 200
                                     Dallas, TX 75244
                                     Phone: (214) 271-4027   Fax: (214) 292-6581   Email:
for the purpose of the above-named individual's Social Security/Disability claim.

Date(s) of Service Requested: _____

The information to be disclosed is as follows:
| | | |
|---|---|---|
| X History & Physical | X Progress Notes/Reports | X Clinic/Office Visit Notes/Reports |
| X Consultation Reports | X ER Reports | X Operative Reports |
| X Discharge Summary | X X-ray Reports | X Lab Reports          X Psych notes (if applicable) |

I understand that the information in the patient's health records may include information relating to Sexually Transmitted
Disease, Acquired Immunodeficiency Syndrome (AIDS), or Human Immunodeficiency Virus (HIV). It may also include
information about behavioral or mental health services, or treatment for alcohol or drug abuse. The information authorized for
release may include records which may indicate the presence of a communicable or non-communicable disease.
**My signature below authorizes release of any such information.**

I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment,
enrollment in any health plan, or payment/benefit eligibility. I may inspect or copy any information used/disclosed under this
authorization.

I understand that authorizing the disclosure of this health care information is voluntary. I can refuse to sign this authorization.
I need not sign this form in order to assure treatment. I understand that I may inspect or copy the information to be used or
disclosed, as provided in 45 CFR 164.524. I understand that any disclosure of information carries with it the potential for an
unauthorized re- disclosure of the patient's health information by the recipient, resulting in the health information no longer
being protected by federal confidentiality rules.

A copy of the consent and a notation as to any action taken thereon is to be entered in the patient's record. I understand that I
have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing by
sending or presenting my written revocation to the Privacy Contact of the health care provider named above. I understand that
the revocation of this authorization will not apply to the extent that the healthcare provider has taken action in reliance thereon.
I understand that if the authorization was obtained as a condition of obtaining insurance coverage, other law provides the
insurer with the right to contest a claim under the policy or the policy itself.

**A photocopy of this authorization shall be considered as effective and valid as the original**. In the absence of an
express revocation, the authority granted under this authorization shall remain in effect for **one year from the date set forth
below. This authorization does not waive my doctor/patient privilege.**

*The information requested by this authorization falls within § 164.512 of the Health Insurance Portability and Accountability Act
of 1996.*

The undersigned further agrees to waive at any time limitations required by the above provider with respect to their receipt of
this authorization and the date on which the authorization was signed.

Date: _____            Signature: _____

Expiration
Date: _____                          _____
                                                                      Printed Name

Case 3:23-cv-01633-L-BN   Document 24   Filed 11/28/23   Page 21 of 24   PageID 220

**REMARKS** (You may use this space for any explanation. If you need more space, attach a separate sheet.)

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false statement about a material fact in this information, or causes someone else to do so, commits a crime and may be subject to a fine or imprisonment.

| SIGNATURE OF APPLICANT | Date (Month, Day, Year) |
|---|---|
| Signature (First name, middle initial, last name) (Write in ink) | Telephone Number(s) at which you may be contacted during the day. (Include the area code) |

| DIRECT DEPOSIT PAYMENT INFORMATION (FINANCIAL INSTITUTION) | | | | |
|---|---|---|---|---|
| Routing Transit Number | Account Number | ☐ Checking ☐ Savings | ☐ Enroll in Direct Express ☐ Direct Deposit Refused | |

Applicant's Mailing Address *(Number and street, Apt No., P.O. Box, or Rural Route)* *(Enter Residence Address in "Remarks," if different.)*

| City and State | ZIP Code | County *(if any)* in which you now live |
|---|---|---|

Witnesses are required ONLY if this application has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the applicant must sign below, giving their full addresses. Also, print the applicant's name in Signature block.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and street, City, State and ZIP Code)* | Address *(Number and street, City, State and ZIP Code)* |

_____

_____

_____

_____

_____

_____

_____

_____

_____

## PART 8 - IMPORTANT INFORMATION - PLEASE READ CAREFULLY

34. The Social Security Administration will check your statements and compare its records with records from other state and Federal agencies, including the Internal Revenue Service, to make sure you are paid the correct amount. We have asked you for permission to obtain, from any financial institution, any financial record about you that is held by the institution. We will ask financial institutions for this information whenever we think it is needed to decide if you are eligible or if you continue to be eligible for SSI benefits. Once authorized, our permission to contact financial institutions remains in effect until one of the following occurs: (1) you or your spouse notify us in writing that you are cancelling your permission, (2) your application for SSI is denied in a final decision, (3) your eligibility for SSI terminates, or (4) we no longer consider your spouse's income and resources to be available to you. If you or your spouse do not give or cancel your permission you may not be eligible for SSI and we may deny your claim or stop your payments.

## PART 9 - SIGNATURES

35. I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false statement about a material fact in this information, or causes someone else to do so, commits a crime and may be subject to a fine or imprisonment.

| 36. Your Signature (First name, middle initial, last name) (Write in ink.) | Date (Month, day, year) |
|---|---|
|  |  |

37. Spouse's Signature (First name, middle initial, last name) (Write in ink.) (Sign only if applying for payments.)

### WITNESSES

38. Your application does not ordinarily have to be witnessed. If, however, you have signed by mark (X), two witnesses to the signing, who know you, must sign below giving their full address.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address (Number and Street, City, State, and ZIP Code) | Address (Number and Street, City, State, and ZIP Code) |

Form **SSA-821-BK** (05-2022) UF

Case 3:23-cv-01633-L-BN   Document 24   Filed 11/28/23   Page 23 of 24   PageID 222

BNC#: _____

## Remarks

Use this section to add any information you did not have space for in other parts of the form. Please show the number of the question you are answering.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## Signature

I authorize any employer, agency, or other organization to disclose to the Social Security Administration or the State agency that may determine or review my entitlement to disability benefits, any information about my physical and/or mental condition or my work.

**I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this information, or causes someone else to do so, commits a crime and may be sent to prison, or may face other penalties, or both.**

| Signature of Claimant, Beneficiary or Representative | | Date | Area Code and Telephone Number |
|---|---|---|---|
| Mailing Address (Number and Street, Apt. no., P.O. Box, or Rural Route) | City | State | ZIP Code |

If this statement is signed with a mark (e.g., X), two witnesses to the signing who know the person making the statement must sign below, giving their full addresses and telephone numbers.

| 1. Signature of Witness | | Date | Area Code and Telephone Number |
|---|---|---|---|
| Mailing Address (Number and Street, Apt. no., P.O. Box, or Rural Route) | City | State | ZIP Code |
| 2. Signature of Witness | | Date | Area Code and Telephone Number |
| Mailing Address (Number and Street, Apt. no., P.O. Box, or Rural Route) | City | State | ZIP Code |

Case 3:23-cv-01633-L-BN   Document 24   Filed 11/28/23   Page 24 of 24   PageID 223

# Claimant's Revocation of the Appointment of a Representative

You, the claimant, can stop your representative from working on your behalf. Complete, sign, and date the section below and submit it to one of our offices. Use a separate form for each appointment you want to revoke. <u>Do not</u> forget to enter your Social Security Number, and if you know it, your representative's identification number (Rep ID).

## Claimant's Information

**Claimant's Social Security Number**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

| **Claimant's First Name** | **Initial** | **Last Name** |
|---|---|---|
| | | |

**Claimant's Address**

| **City** | **State** | **ZIP/Postal Code** |
|---|---|---|
| | | |

## Representative's Information

Representative's Rep ID

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

I revoke the appointment of a representative that I previously appointed. I understand that this representative may be entitled to a fee. The representative is:

**Name**

This was my principal representative. I have appointed multiple representatives and I now name as my new principal representative:

**Name**

Andrew Kirkendall

**Representative's Address**

4343 Sigma Rd. Suite 200

| City | State | ZIP/Postal Code |
|---|---|---|
| Dallas | Texas | 75244 |

| **Claimant's Signature** | **Date** |
|---|---|
| | |