IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLAKE HYDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1633-L-BN |
| | § | |
| KIRKENDALL DWYER, LLP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
<u>UNOPPOSED MOTION TO STAY</u>**

In this lawsuit referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay, Plaintiff Blake Hyde, proceeding *pro se*, filed an amended complaint adding Defendant Digital Media Solutions, LLC ("DMS"). *See* Dkt. No. 24.

DMS then moved to dismiss the claims against it under Federal Rules of Civil Procedure 12(b)(1) (arguing that Hyde lacks standing, since his alleged injury is not traceable to DMS), 12(b)(2), and 12(b)(6). *See* Dkt. No. 34. Hyde responded. *See* Dkt. No. 39. And DMS's motion became ripe on March 8, 2024, when it replied. *See* Dkt. No. 40.

Less than two weeks later, DMS filed an unopposed motion to stay the deadlines imposed by October 17, 2023 Initial Scheduling Order [Dkt. No. 13], entered under Federal Rule of Civil Procedure 16(b), prior to Hyde's adding DMS to

this lawsuit (the "Rule 16(b) Scheduling Order"), through which DMS asserts that its challenges under Rules 12(b)(1) and 12(b)(2) are "threshold, case dispositive legal questions that the Court should decide prior to requiring DMS to engage in discovery" and that it "is incapable of complying with [the Court-ordered] deadlines without risking waiver of the arguments set forth in its Motion to Dismiss, including specifically, its assertion that this Court lacks personal jurisdiction over it." Dkt. No. 43 at 5 (cleaned up).

The Court possesses discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1); *accord Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

> In particular, "[t]he Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending," but "[s]uch a stay is not [ ] automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014) (internal quotation marks omitted). "[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" [DMS's motion] to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014). "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

First, DMS's motion to dismiss is not case dispositive. Even if the Court grants it, this lawsuit will continue against the other defendant.

And DMS has not shown how it risks waiving its defenses – in particular, its jurisdictional defenses – by complying with the Rule 16(b) Scheduling Order.

"Under the dictates of Article III of the United States Constitution, federal courts are confined to adjudicating actual 'cases' and 'controversies.'" *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002) (quoting U.S. CONST. art. III, § 2, cl. 1). And "[t]here is no case or controversy without standing to sue." *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Consequently, Article III "[s]tanding is a threshold issue that [a federal court must] consider before examining the merits." *Id.* (citing *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013)); *see also Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019) ("'That triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement,' and [Hyde], as 'the party invoking federal jurisdiction, bears the burden of establishing its existence.'" (cleaned up; quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))).

Unlike subject matter jurisdiction, personal jurisdiction is waivable.

But the United States Court of Appeals for the Fifth Circuit "has recognized that Federal Rule of Civil Procedure 12(b) allows a 'non-resident defendant "to simultaneously protest personal jurisdiction while vigorously advocating the merits of his case."'" *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 315 (5th Cir. 2020) (quoting *Halliburton Energy Servs., Inc. v. Ironshore Specialty*, 921 F.3d 522 (5th Cir.

- 3 -

2019) (quoting, in turn, *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573-74 (S.D. Tex. 1998))).

In *Stubblefield*, the Fifth Circuit therefore affirmed the district court's finding of no waiver where the defendant "denied the existence of personal jurisdiction in its first Rule 12 filing – its answer – and reiterated that objection in [a subsequent] status report required by the district court." *Id.*; *see also Anderson v. GlobalSantaFe Offshore Servs., Inc.*, 924 F. Supp. 2d 738, 749 (E.D. La. 2013) ("Anderson is right that 'a party may waive any jurisdictional objections if its conduct does not reflect a continuing objection to the power of the court to act over the defendant's person.' But Anderson is wrong in suggesting that GlobalSantaFe, by participating in discovery and a settlement conference, has consented to the Court's jurisdiction. GlobalSantaFe pleaded insufficiency of process and lack of personal jurisdiction in its answer and thereby preserved those defenses. Defendant also premised its motion to continue the trial date on the existence of the personal jurisdiction issue. GlobalSantaFe has not asserted counterclaims, engaged in third-party practice, or made any discovery requests of Anderson. It has done nothing to indicate a waiver of its jurisdictional defense. Anderson cites no case, and the Court finds none, that suggests that defendant['s] actions in this case manifest anything but a 'continuing objection' to the Court's exercise of personal jurisdiction over it." (quoting *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 (5th Cir. 2001); footnotes omitted)).

Accordingly, the Court DENIES DMS's motion to stay.

But the parties may consider filing a joint motion to extend the deadlines set by the Rule 16(b) Scheduling Order for good cause under Rule 16(b)(4).

SO ORDERED.

DATED: March 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE