N THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BLAKE HYDE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1633-L-BN** |
| | § | |
| **KIRKENDALL DWYER, LLP** and | § | |
| **DIGITAL MEDIA SOLUTIONS, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On August 5, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 48) was entered, recommending that the court grant in part and deny in part Defendant Digital Media Solutions, LLC's ("DMS") Motion to Dismiss ("Motion") (Doc. 34). For the reasons that follow, the court **accept in part and rejects in part** the Report and denies DMS's Motion (Doc. 34).

## I.  Factual and Procedural Background

Plaintiff Blake Hyde ("Plaintiff" or "Hyde") brought this action against Defendants on July 23, 2023. In his First Amended Complaint ("Complaint" or "FAC"), Plaintiff asserts three causes of action under state and federal statutes that regulate telemarketing practices. Specifically, he asserts claims for alleged: (1) violations of the Telephone Consumer Protection Act ("TCPA"); (2) violation of section 305.053 of the Texas Business and Commerce Code; and (3) violation of 302.101 of the Texas Business and Commerce Code. In support of these claims, he alleges that Kirkendall Dwyer, LLP ("KD") is a large law firm headquartered in Texas that specializes in personal injury and social security disability claims, and Defendant DMS is a marketing agency headquartered in Florida that generates client leads on KD's behalf. Plaintiff further alleges, that

**Memorandum Opinion and Order – Page 1**

despite his cellular telephone number being on the National Do Not Call Registry ("DNCR") since 2015, he received at least twenty telemarketing calls and additional text messages from KD, or DMS on KD's behalf, during a five week period between May 2023 and July 2023, including a holiday weekend, while he lived in Texas.  Plaintiff alleges that the calls and texts continued even though he advised that he was not interested in what was being offered, and requested multiple times to be removed from any internal call lists and to stop being called.

**II.    Magistrate Judge's Recommendation**

The magistrate judge recommends that the court: (1) deny DMS's Motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of standing; (2) deny without prejudice the Motion for dismissal under Rule 12(b)(2) for lack of personal jurisdiction to allow a determination of whether Plaintiff is entitled to jurisdictional discovery; (3) grant the Motion for dismissal under Rule 12(b)(6) with respect to Plaintiff's claims for alleged violations of section 64.1200(d) of the Telephone Consumer Protection Act ("TCPA") related to DMS's internal policies; (4) grant the Motion for dismissal under Rule 12(b)(6) with respect to Plaintiff's claims for alleged violations of section 302.101 of the Texas Business and Commerce Code; and (5) deny the Motion for dismissal under Rule 12(b)(6) with respect to Plaintiff's claims for alleged violations of TCPA sections 227(b) and (c) with respect to the National Do Not Call Registry ("DNCR") and section 305.053 of the Texas Business and Commerce Code.

**III.    Plaintiff's Objections to the Report**

Plaintiff filed objections to the Report on August 15, 2023, to which DMS responded on August 27, 2024.  Plaintiff objects to the magistrate judge's recommendation that the court should dismiss his claims for alleged violations of section 64.1200(d) of the TCPA and section 302.101 of the Texas Business and Commerce Code.

### A. Section 302.101 of the Texas Business and Commerce Code (Registration Certificate Requirement)

Section 302.101 of the Texas Business and Commerce Code prohibits a seller from "mak[ing] a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101.

The magistrate judge recommended dismissal of this claim as insufficiently pleaded based on the following reasoning:

> Hyde alleges that "[n]either Defendant has a registration certificate allowing it to conduct telephone solicitations." Dkt. No. 24, ¶ 10 (citing Tex. Bus. & Com. Code Section 302.101). But "tell[ing]" the [c]ourt the elements of section 302.101 of the Texas Business and Commerce Code but does not "explain" how this would allow the [c]ourt to conclude that [DMS] operates without a telemarketing registration certificate.

Report 19 (quoting *Horton v. Advantage One Brokers Corp.*, No. 3:22-cv-02474-B-BT, 2023 WL 4188291, at *4 (N.D. Tex. June 5, 2023)).

Plaintiff contends that the magistrate judge's erred in concluding that the allegation in paragraph 10 of his Complaint—"Neither Defendant has a registration certificate allowing it to conduct telephone solicitations in Texas"—is insufficient to state a claim for violation of § 302.101. Pl.'s Compl. ¶ 10 (citing Tex. Bus. & Com. Code Ann. § 302.101). Plaintiff contends that the magistrate judge's reasoning—"[t]elling the [c]ourt the elements of section 302.101 . . . [] does not explain how this would allow [it] to conclude that DMS operates without a telemarketing registration certificate"—is flawed.  Pl.'s Obj. 3 (quoting Report 19).  Plaintiff contends that the magistrate judge misquotes and misapplies *Horton* because, unlike the plaintiff in *Horton*, whose pleadings failed to connect a particular defendant to the telemarketing calls at issue, he expressly

alleges in his Complaint that DMS does not have a registration certificate as required for conducting telephone solicitations in Texas.

Plaintiff argues that his "allegations that (1) DMS or its agents called him in violation of the TCPA and (2) DMS does not have a registration certificate allowing it to telemarket in Texas . . . are sufficient to state a claim under § 302.101." Pl.'s Obj. 4 (quoting Pl.'s Compl. ¶ 8-30). For support that his pleadings are sufficient, Plaintiff cites the following federal district court cases:

> *See, e.g., Texas v. Calvin*, No. 4:14-CV-654-O, 2015 WL 13938028, at *5 (N.D. Tex. Apr. 13, 2015); *Salaiz v. VSC Operations LLC*, No. EP-23-CV-423-KC, 2024 WL 3405601, at *5-6 (W.D. Tex. July 10, 2024); *Callier v. Tip Top Cap. Inc.*, No. EP-23-CV-437-KC, 2024 WL 1637535, at *2-3 (W.D. Tex. Apr. 16, 2024); *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-CV-00235-FM, 2023 WL 7393129, at *4-5 (W.D. Tex. Nov. 8, 2023); *Callier v. Jumpstart Fin., LLC*, No. EP-22-CV-00399-FM, 2023 WL 4155421, at *5 (W.D. Tex. Apr. 13, 2023); *Atkinson v. Choice Home Warranty*, No. 22-04464, 2023 WL 166168, at *6 (D.N.J. Jan. 11, 2023); *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB 2021 WL 5393829, at *2, 10 (W.D. Tex. Nov. 17, 2021); *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *2, 19 (W.D. Tex. Aug. 26, 2021).

Pl.'s Obj. 4.

DMS counters:

> Plaintiff again confuses the [m]agistrate[] [judge's] findings. Outside of a recitation of the statute, Plaintiff's FAC only references a registration certificate one time, stating: "[n]either Defendant has a registration certificate allowing it to conduct telephone solicitations in Texas." . . . As the [m]agistrate [judge] correctly pointed out, this conclusory allegation is insufficient because Plaintiff does not "'explain' how this would allow the [c]ourt to conclude that [DMS] operates without a telemarketing registration certificate."

DMS's Resp. 4 (quoting Pl.'s Compl. ¶ 10 and Report 19). DMS further asserts that Plaintiff's analysis of *Horton* is flawed, but it does not explain why it believes this is so. In addition, DMS contends that the cases cited by Plaintiff are not analogous and some are unhelpful because, "[f]or example, in *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *19

(W.D. Tex. Aug[.] 26, 2021), the [c]ourt did dismiss [the p]laintiff's claim under § 302.101, and makes no reference to anything that would support Plaintiff's objection." DMS's Resp. 4-5.

Plaintiff has the better argument here. As Plaintiff correctly notes, *Horton* is factually distinguishable. In *Horton*, the magistrate judge determined that the plaintiff's pleadings were insufficient because, although the plaintiff alleged that the sole defendant, Advantage One, was operating without a registration certificate, it was unclear whether the twenty callers/entities that had contacted him, were affiliated with Advantage One:

> [Plaintiff] "tells" the [c]ourt the elements of section 302.101 of the Texas Business and Commerce Code **but does not "explain" how this would allow the [c]ourt to conclude that any of the twenty other callers/entities—who have not been alleged to be affiliated with Advantage One—operates without a telemarketing registration certificate.**

*Horton*, 2023 WL 4188291, at *4 (citations omitted). The magistrate judge, therefore, determined that the plaintiff's pleadings were conclusory and insufficient as pleaded. *Id.*

Here, in contrast, Plaintiff expressly alleges that neither KD nor DMS has the registration certificate required by § 302.101 for a seller to "make a telephone solicitation from a location in this state or to a purchaser located in this state." Pl.'s Compl. ¶ 10. His Complaint also contains pleadings regarding KD's and DMS's affiliation. In addition to repeatedly alleging that all of the calls were made by KD or DMS on KD's behalf, his Complaint alleges that KD approved of DMS's telemarketing efforts on its behalf because one of the callers was an employee of KD or DMS with the authority to make a contractual offer from KD. *Id.* ¶ 33. Plaintiff further alleges:

> 48. Whenever in this complaint it is alleged that either Defendant KD or Defendant DMS committed any act or omission, it is meant that that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with that Defendant's full authorization, ratification, or approval, or was done in the routine normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, or employees.

49.   If Defendant DMS—as opposed to Defendant KD—placed the telemarketing calls at issue here, then Defendant KD was nevertheless closely involved in Defendant DMS's underlying telemarketing campaign. Defendant KD provided Defendant DMS with qualification standards for prospective client. It provided or approved the scripts Defendant DMS used during the telemarketing campaign. It informed Defendant DMS of target volumes for client intakes. And it authorized Defendant DMS to pass along boilerplate contracts to prospective clients during telemarketing calls.

*Id.* ¶¶ 48-49.  Thus, the facts in *Horton* are not analogous to those in this case.

Moreover, the court was unable to find any Texas or Fifth Circuit case that addresses what is required to state a claim for failure to comply with § 302.101's registration certificate requirement, and the federal district court cases referenced by the parties are not binding on the undersigned.   Regardless, in conducting its own independent research, the court was able to confirm that other federal district courts that have addressed this issue have concluded that allegations by a plaintiff that a defendant made telephone solicitations from Texas or to plaintiffs in Texas without a registration certificate as required by § 302.101 is a sufficient basis.  *See, e.g. Cacho v. Live Transfers, Inc.*, No. EP-23-CV-00372-DCG, 2024 WL 3103324, at *5 (W.D. Tex. June 24, 2024), *report and recommendation adopted sub nom.*, No. EP-23-CV-00372-DCG, 2024 WL 3595780 (W.D. Tex. July 30, 2024)); *Barack v. Bankroll Capital, Inc.*, No. 4:23-CV-00615-O, 2024 WL 3015327, at *3 (N.D. Tex. May 30, 2024), *report and recommendation adopted*, No. 4:23-CV-00615-O, 2024 WL 3015317 (N.D. Tex. June 14, 2024)).

Further, this is not a situation, for example, in which a plaintiff's pleadings do not include factual allegations to support the conclusory assertion that a defendant breached a contract. Plaintiff's allegation that DMS did not have a registration certificate as required by § 302.101 is itself a statement of fact such that the court determines no more is required, particularly in the absence of Texas of Fifth Circuit authority to the contrary.  Whether DMS qualifies as a "seller" under the statute is a separate issue that is not addressed in the Report.

In responding to Plaintiff's objections, DMS proposes alternative grounds for affirming the magistrate judge's recommendation, contending that: (1) it does not qualify as a "seller"; and (2) it is a publicly traded company that is exempted from complying with § 302.101 and the Texas Business and Commerce Code.  DMS moved to dismiss Plaintiff's § 302.101 claim on the ground that Plaintiff's pleadings regarding its seller status are inadequate, but it did not object to the magistrate judge's decision to focus on other arguments in ruling on its Motion to Dismiss.  DMS, instead, raised this legal argument for the first time in response to Plaintiff's objections.  The Report makes clear that timely written objections not asserted within fourteen days are waived.  The court, therefore, declines to consider this **waived** argument.  DMS's contention about being exempt as a publicly traded company was not raised in its Motion or presented to the magistrate judge.  "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)).  Thus, in presenting this legal argument for the first time to the undersigned in responding to the Report, DMS **waived** the issue.

Accordingly, based on the foregoing reasoning, the court **sustains** Plaintiff's objection to the magistrate judge's findings and conclusions regarding the recommended dismissal of his § 302.101 claim under the Texas Business and Commerce Code.

### B.  Section 64.1200(d) of the TCPA (Internal Procedure or Policy Requirement)

Section 64.1200(d) focuses on a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls.  *Horton v. MultiPlan Inc*., No. 3:23-CV-02098-S-BT, 2024 WL 3380236, at *7 (N.D. Tex. June 7, 2024), *report and recommendation adopted*, No. 3:23-CV-2098-S-BT, 2024 WL 3378719 (N.D. Tex. July 11, 2024) (citation

omitted)).  In this regard, section 64.1200(d) states: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). In addition, section 64.1200 states that the procedures implemented must meet the following "minimum standards": (1) a written policy, (2) training of telemarketing personnel on do-not-call list rules and regulations, (3) recording and disclosure of do-not-call requests, (4) identification of callers and telemarketers to callers, (5) a policy for any affiliated persons or entities, and (6) maintenance of DNC lists. *Id*. § 64.1200(d)(1)-(6).

The magistrate judge recommended that Plaintiff's claim against DMS for alleged violations of § 64.1200(d) was insufficiently pleaded because:

> Hyde further alleges in the operative complaint that DMS fails to maintain "written procedures to comply with the DNCR"; fails to train "employees, agents, or personnel on DNCR procedures"; fails to maintain "a recorded list of telephone numbers that may not be contacted"; fails to utilize "a process to prevent telephone solicitations to telephone numbers on the DNCR"; and failed to obtain or maintain "a version of the DNCR from the DNCR's administrator within thirty-one days of the calls at issue." Dkt. No. 24, ¶ 9.

> Hyde appears to include these allegations to plead a claim under 47 U.S.C. § 64.1200(d). *See, e.g.*, Dkt. No. 24, ¶ 56; *see also Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-cv-1598-D, 2022 WL 562761, at *2 (N.D. Tex. Feb. 24, 2022) (Under Section 227(c)(1), "the FCC issued regulations prohibiting 'person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted [certain listed] procedures for maintaining' a do-not-call list." (quoting *Charvat v. NMP, LLC*, 656 F.3d 440, 443-44 (6th Cir. 2011))); *Powers v. One Techs., LLC*, No. 3:21-cv-2091, 2022 WL 2992881, at *2 (N.D. Tex. July 28, 2022) (finding "that § 64.1200(d) was issued to further the privacy right in § 227(c)," so "the private right of action contained in § 227(c) reaches violations of § 64.1200(d)" (footnote omitted)).

> "The regulation relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls," so, where a plaintiff fails to "allege that he made any such affirmative request," he generally fails to allege "how the provision was violated." *Bailey v. Domino's Pizza, LLC*,

867 F. Supp. 2d 835, 842 (E.D. La. 2012) (granting motion to dismiss where a complaint "simply recite[d] the requirements of 47 C.F.R. § 64.1200(d) and conclusorily allege[d] that they were violated"); *cf. John v. Keller Williams Realty, Inc.*, No. 6:19-cv-1347-Orl-40DCI, 2020 WL 10502631, at *5 (M.D. Fla. Feb. 4, 2020) ("The regulations in § 61.1200(d) are not directly concerned with the national do-not-call list, but the requirement that companies maintain internal do-not-call lists." (emphasis in original)).

And, particularly where a plaintiff does not allege that he requested to be added to a defendant's internal do-not-call list or include similar facts from which the [c]ourt could infer a lack of internal policies, the [c]ourt may not infer that the defendants failed to institute required procedures for maintaining a do-not-call list and find that Hyde has plausibly pleaded that DMS violated Section 64.1200(d).

Report 17-19.

Plaintiff objects, contending that the magistrate judge erred for two reasons:

First, § 64.1200(d) does not require that a telemarketing victim specifically request to be placed on the telemarketer's internal do-not-call list; rather, it requires only that such victims "request not to receive telemarketing calls" from the entities calling them. *See* 47 C.F.R. § 64.1200(d). Second, Plaintiff did—on several occasions—request to be placed on the caller's internal do-not-call list. *See* FAC ¶ 11-16, 44 ("Plaintiff told the calling entity multiple times to remove him from any internal call lists and to stop calling him."). Thus, Plaintiff "request[ed] not to receive telemarketing calls" from DMS or its agents, as required under § 64.1200(d). *See* FAC ¶ 48 (alleging that KD, DMS, or their agents were responsible for the calls at issue here).

Pl.'s Obj. 2.  Plaintiff thus argues that his allegations are sufficient to state a claim under § 64.1200(d).

DMS disagrees and responds that Plaintiff's objections are "inaccurate and ignore the basis of the [m]agistrate[] [judge's] findings" because: "As noted in the Report, the inquiry is not whether Plaintiff requested to stop receiving telemarketing calls, but whether there are sufficient facts pleaded in the [FAC] for the [c]ourt to infer [that DMS] does not maintain the appropriate policies and procedures as required by § 64.1200(d)."  DMS's Resp. 3.  DMS, therefore, contends that "Plaintiff's first suggestion of error is erroneous and should be disregarded."  *Id.*

Once again, the court agrees with Plaintiff.  Plaintiff alleges in his Complaint the various ways that DMS and KD allegedly failed to maintain the minimum standards for internal do-not-call procedures as required by § 64.1200(f).  *See* Pl.'s Compl. ¶ 9.  He also alleges in his Complaint that he "told the calling entity multiple times to remove him from any internal call lists and to stop calling him."). *Id.* ¶ 11-16, 44.  From this, the undersigned can plausibly infer that the calling entity (KD, DMS, or both) failed to institute required procedures for maintaining a "do-not-call" list such that Plaintiff has adequately pleaded that DMS violated Section 64.1200(d). To conclude otherwise would require the court to set aside common sense and read more into the statute than required by its plain language. As before, the cases referenced in the Report are not binding on the court, and, in any event, do not lead to a contrary result, particularly at this pleading stage of the litigation. The court, therefore, **sustains** Plaintiff's objections to the magistrate judge's findings and conclusions, and recommended dismissal of his claim against DMS for alleged violations of § 64.1200(d) of the TCPA.

III.    **Conclusion**

Having considered DMS's Motion to Dismiss, the parties' briefs, the pleadings, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge with respect to Plaintiff's claims against DMS for alleged violations of § 64.1200(d) of the TCPA and § 302.101 of the Texas Business and Commerce Code are factually and legally incorrect for the reasons stated and, therefore, **rejected** by the court. The court further determines that the magistrate judge's remaining findings and conclusions, to which no objections were made, are correct, and, therefore, **accepted** as those of the court.  Accordingly, the court **denies** DMS's Motion to Dismiss (Doc. 34).

**It is so ordered** this 4th day of September, 2024.


Sam A. Lindsay
United States District Judge